IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEENAN WILKINS, | ) No. C 08-1084 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) |
| SHERIFF GREG AHERN, et al., | ) **(Docket Nos. 4, 6, 8 & 9)** |
| Defendants. | ) |

On February 22, 2008, plaintiff, an inmate incarcerated at the Santa Rita County Jail ("SRCJ"), filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] Subsequently, plaintiff filed a motion for leave to file a first amended complaint ("FAC"), an FAC, and a motion to amend the FAC to add the names of defendants previously identified as "Doe" defendants. Most recently, on May 14, 2008, plaintiff filed a "Motion to Add Specifics of Violations of Each Known Defendant,"[2] which motion is comprised of a list of twenty-three defendants, each of whom is alleged to have violated plaintiff's constitutional rights, and includes a detailed "Statement of Facts" ("SOF") setting forth twenty claims for relief. Because the motion is formatted in the manner of a complaint and sets forth in detail the

---

[1] By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

[2] Plaintiff's various motions to amend his pleadings are hereby GRANTED. (Docket Nos. 4, 8 & 9.)

allegations underlying the claims asserted in the FAC, the Court will construe the motion as an amendment to the FAC. Consequently, the Court will review plaintiff's claims for relief based on the allegations in the FAC and such amendment thereto.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff asserts twenty claims for relief based on events that occurred at the SRCJ between March and November 2007.

  1.   Denial of Medical and/or Mental Health Care

Six of plaintiff's claims allege the denial of adequate medical and/or mental health care. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[3] See Estelle v. Gamble,

---

[3] According to the allegations in the complaint, plaintiff was a pretrial detainee at the time his claims arose. Claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, the Ninth Circuit applies the Eighth Amendment standard of review to pretrial detainees' claims, including claims of inadequate medical care. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996).

429 U.S. 97, 104 (1976). Serious medical needs include a prisoner's mental health needs. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

    a. <u>Denial of Medical Care: May 16 through 23, 2007[4]</u>

Plaintiff alleges that on May 15, 2007, plaintiff's finger accidentally was slammed in a heavy door. The finger was broken and bled for many days. When plaintiff had not received medical care for his finger by May 21, he wrote a grievance that was given to defendant Deputy Anderson. Officials employed by defendant SRCJ lost the grievance. Plaintiff continued to tell SRCJ officials and defendant Prison Health Services ("PHS") medical staff that he was in pain. Plaintiff was not seen for his pain until May 23, at which time he was given Vicodin. (FAC Amen. SOF at 1 ¶ 1.)

Liberally construed, plaintiff's allegations state a cognizable claim for deliberate indifference to his serious medical needs. The claim cannot go forward, however, as plaintiff has not described how any SRCJ official or member of the PHS medical staff was involved in responding, or failing to respond, to his requests for medical attention. To state a claim

---

[4] In his FAC, plaintiff states he was denied medical care from May 16, 2007 through May 23, 2007. (FAC at 3.) In the amendment to the FAC, however, plaintiff states he was first denied medical care on May 16, 2006. (FAC Amen. SOF at 1 ¶ 1.) As the alleged denial of medical care is the same in both the FAC and the amendment thereto, and all other referenced dates in the amendment are in 2007, the Court infers plaintiff intended to write "2007" rather than "2006." Additionally, unless otherwise specified, all events discussed in this order are alleged to have taken place in 2007.

under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). Here, plaintiff alleges he gave his grievance seeking medical care to Deputy Anderson and that the grievance was lost; such allegations, even when liberally construed, do not state a claim against Deputy Anderson for denying plaintiff medical care. Further, plaintiff alleges "SRCJ officials" and "PHS medical staff" did not respond to his requests for medical care; he does not identify, however, the specific individuals to whom he made those requests for care or how they responded to such requests. Moreover, although plaintiff includes the SRCJ and PHS as defendants in the complaint, naming such entities does not suffice to plead a § 1983 claim, because only those individual department members who actually engage in unlawful conduct can be held liable. See <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations).

Plaintiff will be given leave to amend his complaint to identify the particular SRCJ officials and PHS medical staff members involved in the alleged failure to provide him adequate care, and to set forth specific facts showing how each such individual's actions caused him injury or harm.

     b. <u>Denial of Medical Care: May 30 through June 6, 2007</u>

Plaintiff alleges that on May 30, 2007, plaintiff's pain medication ran out. Plaintiff was still in pain; he turned in sick call slips and informed SRCJ officials and PHS nurses but his requests for care were ignored. On June 6, plaintiff wrote a grievance and gave it to defendant Deputy Gorman. On June 8, plaintiff finally was given pain medication. On June 10, Deputy Gorman told plaintiff his grievance had been lost. (FAC Amen. SOF at 1 ¶ 2.)

Liberally construed, plaintiff's allegations state a cognizable claim for deliberate indifference to his serious medical needs. As with plaintiff's first medical claim, however,

4

this claim cannot go forward because plaintiff has not alleged how any SRCJ official or member of the PHS medical staff was involved in responding, or failing to respond, to his requests for medical attention. Further, the fact that plaintiff gave his grievance to Deputy Gorman, who later told plaintiff the grievance had been lost, does not suffice to plead a cause of action for deliberate indifference to plaintiff's serious medical needs by Deputy Gorman.

Plaintiff will be given leave to amend his complaint to identify the particular SRCJ officials and PHS medical staff members involved in the alleged failure to provide him adequate care, and to set forth specific facts showing how each such defendant's actions caused him injury or harm.

      c.  <u>Inadequate Mental Health Care by CJMH and Dr. Rosenthal</u>

Plaintiff brings two claims alleging the denial of adequate mental health care. The first claim alleges that staff employed by defendant Criminal Justice Mental Health ("CJMH"), including defendant Dr. Rosenthal, did not provide plaintiff with proper medication to control plaintiff's paranoid schizophrenia. (FAC Amen. SOF at 2 ¶ 4.) The second claim alleges that after plaintiff was put in administrative segregation, he asked to be seen by CJMH for his deteriorating mental health condition. It took six days for plaintiff to be seen by a psychologist, and another six days for plaintiff to see a psychiatrist. Although plaintiff was scheduled to see Dr. Rosenthal on August 8, he was not seen until August 22. (FAC Amen. SOF at 3-4 ¶ 8.)

Plaintiff alleges he was suffering from a serious mental health need for which he did not receive proper care. Plaintiff's claims cannot go forward, however, as plaintiff has not alleged facts showing that CJMH staff and/or Dr. Rosenthal acted with deliberate indifference to his serious mental health needs. Specifically, he does not describe the particular mental health treatment he sought, the dates on which he sought such treatment, and how CJMH staff and/or Dr. Rosenthal responded to his requests. Consequently, the Court cannot discern whether CJMH staff and/or Dr. Rosenthal acted in a manner that implicates plaintiff's constitutional right to mental health care. Further, aside from naming Dr. Rosenthal, plaintiff has not identified which members of the CJMH staff denied him care,

and when and how they did so.

Plaintiff will be given leave to amend his complaint to cure the noted pleading deficiencies with respect to his claims of inadequate mental health care.

### d. Denial of Medical Care: September and October 2007

Plaintiff alleges that on September 11, 2007, plaintiff was in pain and having difficulty breathing after he was assaulted by defendant Deputy Maderos. On September 12, plaintiff obtained a court order to be seen for medical treatment. Plaintiff was not seen until September 14, however, at which time defendant Nurse Practitioner Mastronni gave plaintiff "muscular pain reliever balm." The balm did not provide plaintiff with relief and it ran out after six days. On September 16, plaintiff submitted a sick call slip and made verbal requests to be seen for his pain. Plaintiff obtained another court order on October 23, but still wasn't seen. After the court order was reissued on October 30, plaintiff was seen on October 31, at which time Nurse Practitioner Mastronni gave plaintiff pain medication and referred him for physical therapy. (FAC Amen. SOF at 8 ¶ 16.)

Plaintiff's allegations do not state a claim for relief as he has not provided sufficient facts for the Court to discern whether he was suffering from a serious medical need. Further, he has not identified the individuals who refused to provide him with medical care. Lastly, plaintiff's allegations do not suffice to plead a claim for deliberate indifference to plaintiff's serious medical needs by Nurse Practitioner Mastronni as, according to the allegations, Mastronni attempted to alleviate plaintiff's pain by providing him with balm and pain medication and referring him for physical therapy.

Plaintiff will be given leave to amend his complaint to allege facts identifying the nature of his medical need, the individuals who denied him care, and any actions taken by Mastronni which rise to the level of deliberate indifference to plaintiff's serious medical needs.

### e. Unsanitary Hair and Nail Clippers

Plaintiff alleges that he and other SRCJ inmates were required to share hair and nail clippers that were not disinfected, sterilized or cleaned. (FAC Amen. SOF at 10 ¶ 19.) The

6

allegations are insufficient to state a claim for relief because they identify no injury plaintiff has suffered as a result of having to share hair and nail clippers.  Further, plaintiff has not identified the individuals to whom he complained about having to share hair and nail clippers and their responses to his complaints.

Plaintiff will be given leave to amend his complaint to allege facts that cure the noted deficiencies and are sufficient to state a claim for deliberate indifference to plaintiff's serious medical needs.

### 2. Denial of Due Process

In three of his claims, plaintiff alleges he was denied due process in connection with a disciplinary proceeding.  The imposition of disciplinary segregation or some other sanction as punishment for a pretrial detainee's violation of jail rules and regulations cannot be imposed without due process, specifically, without the procedural requirements established by Wolff v. McDonnell, 418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).  The five procedural requirements established by Wolff are: (1) written notice of the charges; (2) a period of no less than twenty-four hours to prepare for the disciplinary hearing; (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; (4) a limited right to call witnesses and present documentary evidence at the disciplinary hearing; and (5) the limited right to receive assistance from a fellow inmate or correctional staff.  See Wolff, 418 U.S. 564-70.

#### a. June 6, 2007 Disciplinary Proceeding

Plaintiff alleges the following:  "On June 6 plaintiff's liberty was taken by Deputy Gonzales with no Due Process (hearing, write-up, etc.)"  (FAC Amen. SOF at 1 ¶ 3.)  Such allegation is inadequate to state a claim for relief for the violation of due process, as plaintiff has not described the nature of the disciplinary charges he faced, whether he requested a hearing and from whom, the reason(s) such hearing was denied, and the punishment he received.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

7

### b. August 13, 2007 Disciplinary Proceeding

Plaintiff alleges that on August 13, 2007, he was assessed eighty days loss of credits at a disciplinary hearing that was held in violation of the time restraints set forth in jail regulations. (FAC Amen. SOF at 5 ¶ 11.) Plaintiff's allegations fail to state a claim for relief for the violation of due process, as he has not described the nature of the disciplinary charges he faced, whether he requested a timely hearing and from whom, and the length of time before the hearing was held. Additionally, plaintiff must expressly link a named defendant to his allegations.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

### c. September 2007 Disciplinary Proceeding

Plaintiff alleges that on September 11, 2007, he was informed that he faced disciplinary charges. Plaintiff requested a hearing. Defendant Deputy Bareo ordered plaintiff back to his cell and did not provide plaintiff with a copy of the charges. Plaintiff did not receive a hearing and was assessed a thirty-day loss of privileges. Plaintiff wrote letters to defendants Lt. Jurgon-Lewis and Sheriff Ahern, complaining he had not had a hearing. (FAC Amen. SOF at 7-8 ¶ 15.)

Plaintiff's allegations fail to state a claim for relief for the violation of due process, as he has not described the nature of the disciplinary charges he faced, whether Deputy Bareo had the authority to ensure plaintiff received a hearing, whether plaintiff requested a hearing from anyone other than Deputy Bareo and any response(s) to his request(s), and the responses, if any, plaintiff received from Lt. Jurgon-Lewis and Sheriff Ahern to his complaint that he had not received a hearing.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

### 3. Conditions of Confinement

Five of plaintiff's claims allege unconstitutional conditions of confinement. In the Ninth Circuit, as noted, the Eighth Amendment serves as a benchmark for evaluating such

8

claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996). "The requirement of conduct that amounts to 'deliberate indifference' [in violation of the Eighth Amendment] provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

### a. Denial of Exercise and Other Recreation

Two of plaintiff's claims allege the denial of adequate exercise or other recreation. First, plaintiff alleges that "at times" while he was incarcerated in Unit 9 he and other inmates were not allowed to leave their cells, except to eat meals, for forty-eight to seventy-two hours at a time. (FAC Amen. SOF at 2 ¶ 5.) Next, plaintiff alleges that on "various dates" from March through November 2007 he and other inmates were not afforded an opportunity for outdoor exercise and/or recreation. (FAC Amen. SOF at 10 ¶ 20.)

Pretrial detainees are entitled to adequate weekly exercise. See Pierce v. County of Orange, 526 F.3d 1190, 1211-12 (9th. Cir. 2008). Determining what constitutes adequate exercise requires consideration of "the physical characteristics of the cell and jail and the average length of stay of the inmates." Id. at 1212 (citation omitted).

Here, plaintiff's claims cannot go forward as he has not adequately described the occasions on which he was denied exercise, whether he requested exercise and from whom, and the response, if any, he received to his requests and from whom.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

### b. Unsanitary Cell

Plaintiff alleges that upon his transfer to Unit 2 on July 28, 2007, he was placed in a filthy cell with feces on the toilet, a broken toilet, and no mattress. A plumber did not arrive to unclog the toilet for six hours and plaintiff did not obtain a mattress for twelve hours. Plaintiff was not given a toilet brush and disinfectant to clean the toilet until July 30. Plaintiff was not given any materials to clean the cell or provided with clean clothes, sheets or towels before he was moved to another unit on August 23, 2007. (FAC Amen. SOF at 2-3

9

¶ 6.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes duties on prison officials to provide all prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. Id. While a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment, the temporary imposition of unsanitary conditions of confinement does not rise to the level of a constitutional violation. See Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995). Here, plaintiff's allegations that he was placed in a cell with a clogged toilet for six hours, without a mattress for twelve hours, and with a filthy toilet for forty-eight hours do not rise to the level of an Eighth Amendment violation. See, e.g., Anderson, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (finding temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (holding allegation inmate slept without mattress for one night insufficient to state Eighth Amendment violation as matter of law), judgment vacated on other grounds, 493 U.S. 801 (1989); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (finding no claim stated where prisoner forced to spend two days in hot, dirty cell with no water); Evans v. Fogg, 466 F. Supp. 949 (S.D.N.Y. 1979) (holding no claim stated by prisoner confined for twenty-four hours in refuse strewn cell and two days in flooded cell).

Although, when liberally construed, plaintiff's allegation that, for close to a month, he was deprived of any materials to clean his cell and was not provided with clean clothes, sheets or towels, could state a cognizable claim for relief, the claim cannot proceed, as plaintiff has not identified the individual(s) from whom he requested said items and the response(s), if any, he received to his requests.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

10

c. <u>Denial of Access to Toilet Facilities</u>

Plaintiff alleges that "[o]n 10/23/07 and other various dates plaintiff and other [inmates] were staged in a room with no restroom, not even upon request, and [inmates] are forced to urinate and defecate on the floor, in cups, bottles or milk cartons." (FAC Amen. SOF at 9 ¶ 17.)

In determining whether a deprivation of a basic necessity is sufficiently serious to rise to the level of an Eighth Amendment violation, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. <u>See</u> <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000). Here, plaintiff's allegations, when liberally construed, could state a cognizable claim for relief. The claim cannot proceed, however, as plaintiff has not identified the individual(s) responsible for placing him in such conditions of confinement, whether he requested relief from said individual(s), and the responses, if any, he received to his requests.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

d. <u>Overcrowding</u>

Plaintiff alleges that for nearly five hours on September 28, 2007, he and other inmates were forced to wait at the health clinic in such overcrowded conditions that there was not room for everyone to sit and some inmates were forced to stand and/or sit on the dirty floor. Further, there was no privacy and the inmates had to use the toilet facilities in front of each other. (FAC Amen. SOF at 9 ¶ 18.) Plaintiff's allegations fail to state a claim for relief, as the temporary imposition of such conditions of confinement does not amount to an Eighth Amendment violation. <u>See</u> <u>Anderson</u>, 45 F.3d at 1314-15.

Accordingly, this claim will be dismissed without leave to amend.

4. <u>Excessive Force</u>

In two of his claims, plaintiff alleges he was subjected to the use of excessive force by SRCJ officials. Under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee is protected from the use of excessive force. <u>Graham v. Connor</u>, 490 U.S. 386, 395

11

n.10. (1989).

Plaintiff first alleges that on August 8, 2007, when he was returning from the health clinic, he was assaulted by defendant Deputy Thibodeaux after he asked Thibodeaux for lunch. Thibodeaux grabbed plaintiff and threw him to the floor of his cell, where plaintiff hit his head and suffered a concussion. (FAC Amen. SOF at 4-5 ¶ 9.)

Plaintiff next alleges that on September 11, 2007, when he was sick with diarrhea, he refused medical treatment because he did not want to leave his cell to be put in a "multi-room" or clinic holding tank without access to a private toilet; plaintiff alleges Defendant Deputy Maderos attempted to use physical force to move plaintiff to the "multi-room" against plaintiff's will. When plaintiff fell, Maderos jumped on plaintiff's back, handcuffed him, and dragged him on the floor. (FAC Amen. SOF at 6-7 ¶ 14.)

Liberally construed, plaintiff's allegations state cognizable claims against defendants Deputy Thibodeaux and Deputy Maderos for the use of excessive force.

5.  Retaliation

Plaintiff alleges that on August 14, 2007, a few hours after defendant Deputy Smith told plaintiff that plaintiff's grievance about due process violations at a disciplinary hearing had been thrown away, plaintiff was taken from his cell at midnight and put in a cold cell for approximately one-half hour. When plaintiff returned to his regular cell, it had been "thrashed" and legal documents and personal property were missing. (FAC Amen. at 5 ¶ 12.)

It appears plaintiff may be attempting to assert a claim for retaliation in violation of the First Amendment. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (holding prisoners may not be retaliated against for using established prison grievance procedures). Plaintiff's allegations fail to state a cognizable claim for retaliation, however, as he has not identified and linked to his allegations the particular individuals who moved him and ransacked his cell. Further, plaintiff has not alleged facts showing such individuals acted as a result of plaintiff's having filed a grievance. See id. at 567-68 (holding retaliation claim requires showing state actor took adverse action against inmate because of inmate's protected conduct).

12

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

6. <u>Denial of Access to the Courts</u>

Plaintiff alleges that on July 13, 2007, he gave a completed writ form and attachments to Deputy Strickland for purposes of making copies, but that he never received the writ back. (FAC Amen. SOF at 5 ¶ 10.)

It appears plaintiff may be attempting to assert a claim for denial of access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996) (holding prisoners have constitutional right of access to courts). To establish a claim for any violation of the right of access to the courts, however, a prisoner must show there was an inadequacy in the prison's legal access program that caused him an actual injury. <u>See id.</u> at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. <u>See id.</u> at 354-55.

Here, plaintiff's allegations fail to state a cognizable claim for denial of access to the courts, as he has not described whether and from whom he requested the return of his writ, the response to his request, and whether he suffered an actual injury because the writ was not returned to him.

Plaintiff will be given leave to amend to allege facts that cure the noted pleading deficiencies.

7. <u>Destruction of Personal Property</u>

Plaintiff alleges SRCJ officials have deprived him of his personal property by implementing a policy of confiscating the envelopes in which inmate legal mail arrives and then not providing inmates with anything to put the legal mail in. (FAC Amen. SOF at 3 ¶ 7.)

The Constitution itself does not confer specific property interests. <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577 (1972). Nevertheless, a property interest that has been initially recognized and protected by state law may be protected under the Due

13

1  Process Clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710 (1976).
2  Before state law will be deemed to have created a protected property interest that may not be
3  withdrawn without procedural safeguards, however, it must contain mandatory language that
4  substantively restricts the discretion of state officials. Hewitt v. Helms, 459 U.S. 460, 472
5  (1983).

6  Here, in order for plaintiff to state a cognizable claim for relief, he must, at a
7  minimum, identify a SRCJ regulation that contains mandatory language restricting the
8  discretion of jail officials to prohibit inmates from possessing the envelopes in which their
9  legal mail arrives. Further, he must describe what steps, if any, he took to request that he be
10 allowed to retain his legal mail envelopes, what response he received, and from whom.

11 Plaintiff will be given leave to amend to allege facts that cure the noted pleading
12 deficiencies.

13       8.    Fraudulent Actions of SRCJ Inmate

14 Plaintiff alleges that in May 2007 he and his mother were defrauded by another SRCJ
15 inmate; plaintiff alleges he reported the matter to SRCJ officials but nothing was done. (FAC
16 Amen. SOF at 6 ¶ 13.)

17 Plaintiff's allegations fail to state a claim for relief. While plaintiff's assertion that he
18 was defrauded by another inmate might raise a claim for the violation of state law by the
19 responsible inmate, such assertion does not allege the violation of a constitutional right, an
20 essential element of a claim under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48
21 (1988). Additionally, a private individual does not act under color of state law, also an
22 essential element of a § 1983 claim. See Gomez v. Toledo, 446 U.S. 635, 640 (1980).
23 Plaintiff's allegation that SRCJ officials failed to act after plaintiff reported the fraud
24 likewise is not cognizable under § 1983, because plaintiff has asserted no constitutional right
25 to such action. While SRCJ regulations or state law might provide plaintiff certain remedies
26 with respect to the injury caused by the other inmate, the failure to enforce such regulations
27 or laws is a matter of state law that does not state a claim for relief under § 1983. See Paul v.
28 Davis, 424 U.S. 693, 697 (1976) (holding that to state claim under § 1983 plaintiff must

show specific constitutional or federal guarantee safeguarding interests that have been invaded). In sum, plaintiff's recourse, if any lies in state court.

Accordingly, this claim will be dismissed without leave to amend.

C. <u>Defendants</u>

Plaintiff attempts to assert claims for relief against numerous defendants. As noted, the Court has found plaintiff has stated only two cognizable claims for relief against two defendants. Specifically, the Court has found cognizable plaintiff's excessive force claims against defendants Deputy Thibodeaux and Deputy Maderos. Consequently, no cognizable claim for relief has been stated with respect to any of the other defendants whom plaintiff has named and/or attempted to link to his claims. Accordingly, all defendants other than Deputy Thibodeaux and Deputy Maderos will be dismissed from this action.

With respect to the defendants against whom cognizable claims for relief have not been stated, plaintiff will be given leave to amend his complaint to plead cognizable claims, by alleging facts that show the specific constitutional deprivation for which each defendant is liable and how each defendant proximately caused such deprivation. Plaintiff's failure to do so with respect to any dismissed defendant will result in the dismissal of such defendant from the instant action without prejudice.

D. <u>Motion for Appointment of Counsel</u>

Plaintiff has filed a motion requesting the appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

//

//

15

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motions to amend are hereby GRANTED.  (Docket Nos. 4, 8 and 9.)

2. Plaintiff's motion for appointment of counsel is hereby DENIED.  (Docket No. 6.)

3. Plaintiff's claims of temporary unsanitary cell conditions, temporary overcrowding, destruction of property and fraudulent actions by a SRCJ inmate are hereby DISMISSED with prejudice.

4. Plaintiff's claims of excessive force by Deputy Thibodeaux and Deputy Maderos are cognizable.  Those claims will not be ordered served, however, until the deadline for plaintiff to file a second amended complaint has passed or plaintiff has informed the Court that he does not intend to file a second amended complaint.

5. All other claims against all other defendants are hereby DISMISSED with leave to amend.  Within **thirty (30)** days of the date this Order is filed, plaintiff may file a SECOND AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above.  Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 08-1084 MMC (PR), and the phrase "SECOND AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint.  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Accordingly, if plaintiff wishes to amend his FAC to cure the pleading deficiencies noted above, he must file a second amended complaint that includes any claims from the FAC he wishes to preserve.

**If plaintiff fails to timely file a second amended complaint in conformity with this order, the claims that have been dismissed with leave to amend will be dismissed without prejudice, and the claims found cognizable herein will be ordered served.**

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

This order terminates Docket Nos. 4, 6, 8 and 9.

IT IS SO ORDERED.

DATED: October 6, 2008

_____
MAXINE M. CHESNEY
United States District Judge