**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHERIFF GREG AHERN, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 08-1084 MMC (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**(Docket No. 15)** |

On February 22, 2008, plaintiff, an inmate incarcerated at the Santa Rita County Jail ("SRCJ"), filed the above-titled civil rights action under 42 U.S.C. § 1983. Subsequently, plaintiff filed a first amended complaint ("FAC"), and two amendments thereto. Thereafter, the Court reviewed the allegations in the FAC and such amendments and, by order dated October 6, 2008, found plaintiff was asserting twenty claims for relief based on events that occurred at the SRCJ between March and November 2007. The Court (1) dismissed with prejudice plaintiff's claims of temporary unsanitary cell conditions, temporary overcrowding, and fraudulent actions by a SRCJ inmate; (2) found cognizable plaintiff's claims of excessive force by Deputy Thibodeaux and Deputy Maderos; and (3) dismissed with leave to amend all other claims against all other defendants. (Order filed Oct. 6, 2008, at 16.) The Court directed plaintiff to file a second amended complaint within thirty days of the Court's order, or to inform the Court that he does not intend to file a second amended complaint.

Additionally, by said order, the Court denied plaintiff's motion for appointment of

1  counsel, finding, "[t]o date, plaintiff has been able to present his claims in an adequate
2  manner and there are no exceptional circumstances warranting appointment of counsel at this
3  time." (Id. at 15.)

4  On October 17, 2008, plaintiff filed the instant motion for reconsideration of the
5  Court's order denying appointment of counsel. Specifically, plaintiff states he is in need of
6  counsel to assist him in this matter because he is "a pre-trial detainee with diminished mental
7  capacity due to severe mental health disorders which include paranoid schizophrenia and
8  bipolar." (Request for Reconsideration at 1:24-28.) Plaintiff also states he is relying on
9  jailhouse lawyers to assist him with the prosecution of this action, but is concerned that they
10 will not adequately represent his interests. (Id. at 2:27-3:10.) Plaintiff further states that, on
11 August 18, 2008, he was granted leave to represent himself in his criminal proceedings. (Id.
12 at 4:7-9.)

13 As was previously explained to plaintiff, there is no constitutional right to counsel in a
14 civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).
15 Rather, the decision to request counsel to represent an indigent litigant under 28 U.S.C.
16 § 1915 is within "the sound discretion of the trial court and is granted only in exceptional
17 circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of
18 "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's
19 success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of
20 the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America,
21 390 F.3d 1101, 1103 (9th Cir. 2004).

22 Here, as noted, the Court has found that plaintiff's allegations, when liberally
23 construed, state two cognizable claims, specifically, for the use of excessive force by Deputy
24 Thibodeaux and Deputy Maderos. Until such time as those defendants respond to plaintiff's
25 allegations, however, the Court cannot evaluate the likelihood of plaintiff's success on the

1 merits of said claims.[1]  Further, until such time as plaintiff files a second amended complaint,
2 the Court cannot determine the likelihood of plaintiff's success on the merits with respect to
3 any other claim.

4       Additionally, although plaintiff asserts he is suffering from diminished mental
5 capacity, to date he has been more than able to articulate his claims adequately in light of the
6 complexity of the legal issues involved.  Indeed, because the allegations in plaintiff's FAC
7 were sufficiently detailed and well-pleaded, the Court's review of such resulted in a
8 seventeen- page order addressing twenty claims for relief.  The instant motion for
9 reconsideration likewise is intelligible and well-articulated, as is the request for clarification
10 attached thereto.[2]  While it is conceivable that plaintiff's ability to litigate this action could be
11 adversely affected by his diminished mental capacity, at this point in the proceedings there is
12 no evidence of any such effect.  The Court further notes plaintiff's statement that
13 approximately three and one-half months ago he was granted leave to proceed in propria
14 persona in his criminal action, a further indication that plaintiff's mental capacity is not so
15 severely diminished that he is unable to prosecute this action on his own behalf.

16       Accordingly, plaintiff's motion for reconsideration of the Court's order denying
17 appointment of counsel is hereby DENIED.  Should the circumstances of the case materially
18 change, the Court may reconsider plaintiff's request for appointment of counsel sua sponte.

19       Plaintiff also seeks "clarification" of the Court's October 6, 2008 order.  Specifically,
20 plaintiff states that in the body of the order the Court indicated it would dismiss claim
21 number 7, "Destruction of Personal Property," with "leave to amend" (see Order filed Oct. 6,
22 2008, at 13-14), but in the conclusion of the order the Court dismissed such claim "with
23 prejudice" (see id. at 16).  Plaintiff is correct.  Accordingly, the Court hereby CLARIFIES

---

[1] As explained in the Court's previous order, the excessive force claims will not be ordered served until the deadline for plaintiff to file a second amended complaint has passed or plaintiff has informed the Court that he does not intend to file a second amended complaint.

[2] The Court also takes judicial notice that on August 12, 2008, plaintiff filed another civil rights action alleging ongoing constitutional violations at the SRCJ.  See Wilkins v. Ahern, et al., No. C 08-3850 MMC (PR).

United States District Court
For the Northern District of California

1 that said claim has been dismissed with leave to amend, and plaintiff may reassert the claim
2 in his second amended complaint.

3   Additionally, plaintiff objects to the Court's depiction and/or omission of facts and/or
4 legal grounds set forth by plaintiff in his FAC.  As plaintiff has been granted leave to file a
5 second amended complaint, he may plead such factual and legal allegations therein.

6   Lastly, plaintiff has filed a request for an extension of time to file his second amended
7 complaint.  Good cause appearing, plaintiff's request is hereby GRANTED.  Plaintiff shall
8 file his second amended complaint within **thirty** days of the date this order is filed.  **If**
9 **plaintiff fails to timely file a second amended complaint, the claims that have previously**
10 **been dismissed with leave to amend will be dismissed without prejudice, and the claims**
11 **previously found cognizable will be ordered served.**

12   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
13 informed of any change of address and must comply with the court's orders in a timely
14 fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule
15 of Civil Procedure 41(b), for failure to prosecute.

16   This order terminates Docket No. 15.

17   IT IS SO ORDERED.

18 DATED: December 2, 2008

19 _____
MAXINE M. CHESNEY
United States District Judge