IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, ) | No. C 08-1084 MMC (PR) |
| ) Plaintiff, ) | **ORDER OF SERVICE; GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. ) ) | |
| SHERIFF GREG AHERN, et al., ) ) | |
| Defendants. ) _____ ) | **(Docket No. 17)** |

On February 22, 2008, plaintiff, a pretrial detainee incarcerated at the Santa Rita County Jail ("SRCJ"), filed the above-titled civil rights action under 42 U.S.C. § 1983. Subsequently, plaintiff filed a first amended complaint, which the Court dismissed with leave to amend. Now pending before the Court is plaintiff's second amended complaint ("SAC").[1]

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

---

[1] Plaintiff's motion for an extension of time to file the SAC is hereby GRANTED. (Docket No. 17.)

be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.	Plaintiff's Claims

In his sixty-page SAC, plaintiff sets forth seven categories of claims based on events that occurred at the SRCJ between March 2007 and December 2008.  He seeks injunctive relief and monetary damages.

1.	Retaliation

Plaintiff alleges twenty-two separate retaliation claims.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

The Court finds the allegations in the following seven paragraphs of the "Retaliation" section of the SAC, when liberally construed, state cognizable claims for relief:  paragraph B against Deputy Smith; paragraph F against Deputy Bareno; paragraph H against Deputy Bareo; paragraph L against Deputies Garrington and Tafola;  paragraph M against Deputy Bareo; paragraph O against Technician Veazey; paragraph P against Technician Veazey. None of plaintiff's remaining claims of retaliation is cognizable and all such claims will be dismissed without further leave to amend.

2.	Cruel and Unusual Conditions of Confinement

Plaintiff alleges twenty-one separate claims of unconstitutional conditions of confinement amounting to cruel and unusual punishment.  According to the allegations in the

2

SAC, plaintiff is a pretrial detainee. Claims by pretrial detainees are not analyzed under the Cruel and Unusual Punishment Clause of the Eighth Amendment; instead, such claims are analyzed under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, the Ninth Circuit applies the Eighth Amendment standard of review to pretrial detainees' claims. "The requirement of conduct that amounts to 'deliberate indifference' [in violation of the Eighth Amendment] provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

The Court finds plaintiff's allegations in paragraphs A through K, M, and O through Q of the "Cruel and Unusual Punishment" section of the SAC, when liberally construed, state cognizable claims for relief based on the allegations therein of denial of access to toilet facilities, overcrowding, unsanitary cell conditions, denial of exercise, denial of access to clean bedding and laundry, exposure to extreme weather without adequate clothing, and insect infestation.[2] The Court will order the claims served on defendants Alameda County, Sheriff Ahern and Commander La Donna Harris, the three parties alleged to be the governmental and supervisorial defendants responsible for implementing the policies permitting the above-referenced unconstitutional conditions of confinement. Additionally, the Court will order the claims served on the following jail employees, each of whom is alleged to be directly linked to the alleged unconstitutional conduct as follows: (1) unsanitary cell conditions: Deputies Aiello, Alhf, Botz, Boutwell, Cunningham, Garcia, Garrington,

---

[2] The Court finds plaintiff's allegations that his safety was endangered because prison officials failed to check on his cell every seven hours, that he was provided with unsanitary nail and hair clippers, that he was fed every fourteen hours, and that he was given "repetitive meals" fail to state cognizable claims for relief because there is no allegation of injury that rises to the level of a constitutional violation. Additionally, plaintiff's allegation that he was denied family visits does not state a constitutionally cognizable claim for relief. See Overton v. Bazzetta, 539 U. S. 126, 136-37 (2003) (holding withdrawal of visitation privileges for limited period as regular means of discipline does not violate Eighth Amendment). Accordingly, these claims will be dismissed without further leave to amend.

3

1 Latorre, Noabeck, Shelby, Smith, Tafola, Thibodeaux and Williams; Captains Melansen and
2 Wilkinson; Lt. Jurgens-Lewis; Sgt. Quin; (2) insect infestation: Deputies DeLeon, Lane and
3 Pape; (3) denial of access to clean clothing: Deputies Bareo, Maderos, McGill and Vanzant.[3]

4     3.    Due Process

5 Plaintiff alleges the denial of due process at jail disciplinary hearings. The imposition
6 of disciplinary segregation or some other sanction as punishment for a pretrial detainee's
7 violation of jail rules and regulations cannot be imposed without due process, specifically,
8 without the procedural requirements established by Wolff v. McDonnell, 418 U.S. 539
9 (1974). See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996). The five procedural
10 requirements established by Wolff are: (1) written notice of the charges; (2) a period of no
11 less than twenty-four hours to prepare for the disciplinary hearing; (3) a written statement by
12 the factfinders as to the evidence relied on and reasons for the disciplinary action; (4) a
13 limited right to call witnesses and present documentary evidence at the disciplinary hearing;
14 and (5) the limited right to receive assistance from a fellow inmate or correctional staff. See
15 Wolff, 418 U.S. 564-70.

16 In paragraphs B through I of the "Denial of Due Process" section of the SAC, plaintiff
17 alleges he appeared at eight different disciplinary proceedings that resulted in his being
18 punished with the loss of privileges, and that in no such instance was he provided with a
19 written statement of the evidence on which jail officials relied to find him guilty or the
20 reasons for the disciplinary action taken. In addition, plaintiff alleges, in some instances he
21 never received notification that he was being punished. When plaintiff's allegations are
22 liberally construed, they state a claim for violation of the Wolff procedures noted above.
23 Plaintiff's claims cannot proceed, however, because he has not identified the individual
24 hearing officers who punished him in violation of Wolff. Consequently, the claims will be

---

[3]All other defendants plaintiff has named in connection with his cognizable claims will not be ordered served, either because they have not been adequately linked to plaintiff's claims, and plaintiff states he requires discovery in order to name and link such defendants, or because their involvement is limited to isolated incidents that, even if proven, would not rise to the level of a constitutional violation.

4

dismissed. If plaintiff is able to identify the responsible hearing officers who imposed punishment without due process, he may move to amend the SAC to reincorporate the dismissed claims.

Plaintiff alleges, in paragraph J of the "Denial of Due Process" section of the SAC, that he was punished without due process when, on one occasion, he was not allowed out of his cell for free time with other inmates because he spoke rudely to a nurse. Plaintiff's claim is not cognizable. The isolated deprivation to which he refers does not amount to punishment; consequently, the Due Process Clause is not implicated. See Bell, 441 U.S. at 537-8 (discussing tests traditionally applied to determine whether governmental acts are punitive in nature).

### 4. Excessive Force

Plaintiff alleges four separate claims of excessive force. Under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee is protected from the use of excessive force. Graham v. Connor, 490 U.S. 386, 395 n.10. (1989).

When plaintiff's allegations are liberally construed, the Court finds all of plaintiff's claims in the "Excessive Force" section of the SAC are cognizable. Consequently, the Court will order service on Deputies Bareo, Garrington, Maderos, Tafola, Thibodeaux and Vanzant.

### 5. Denial of Medical Care

Plaintiff alleges nine separate claims of denial of adequate medical care. At a minimum, pretrial detainees must be provided with medical care that is adequate under the Eighth Amendment. Specifically, jail officials may not act with deliberate indifference to a pretrial detainee's serious medical needs. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996).

The Court finds the allegations in paragraphs A through F of the "Denial of Medical Care" section of the SAC, when liberally construed, state cognizable claims for relief against the following defendants, each of whom is alleged to have known plaintiff was not receiving adequate medical care and failed to take steps to remedy the situation: Alameda County and

5

1  Prison Health Services, both of which governmental entities, plaintiff alleges, have a custom
2  or policy of providing inadequate medical care to inmates at the SRCJ; Deputies Anderson,
3  Arnold, Arrivas, Bao, Bareo, Barrosa, Boutwell, Brawley, Cabrerass, Cody, Dalton, De La
4  Fuente, Gonzales, McGill, Robertson, Snider, St. Denis and Strickland; Sheriff Ahern; Sgts.
5  Molly and Shaull; Lt. Jurgens-Lewis; Captain Melansen; Commander La Donna Harris; Drs.
6  Chan and Orr; Nurses Wilfredo Reyes and Maria; Technicians Bryan and Marks.

Plaintiff's allegations in paragraphs G through I of the "Denial of Medical Care" section of the SAC are not cognizable and will be dismissed without further leave to amend.

6.   Denial of Mental Health Care

Plaintiff, who is schizophrenic, alleges one claim for the ongoing denial of adequate mental health care at the SRCJ. The constitutional standard of care applicable to a prisoner's serious medical needs applies to a prisoner's serious mental health needs as well. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). The Court finds plaintiff's allegations, when liberally construed, state cognizable claims for relief against the following defendants: Criminal Justice Mental Health ("CJMH") and Alameda County, both of which governmental entities, plaintiff alleges, have a custom or policy of providing inadequate mental health care to inmates at the SRCJ; CJMH Director Millie Swafford; Sheriff Ahern; Sgt. Molly; Lt. Jurgens-Lewis; Drs. Resburg, Rosenthal and Thomas.

7.   Denial of Access to the Courts

Plaintiff alleges five separate claims of denial of access to the courts. In the Court's order of dismissal with leave to amend, plaintiff was informed that a prisoner, to establish a claim for violation of the right of access to the courts, must show there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-55 (1996). To prove an actual injury, the prisoner must show the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55. Here, even when plaintiff's allegations are liberally construed, no claim for denial of access to the courts is stated because no actual injury is alleged. Accordingly, plaintiff's claims will be dismissed without

further leave to amend.

C.     Motion for Appointment of Counsel

Plaintiff has filed a motion requesting the appointment of counsel to represent him in the instant action. This motion represents the third such request. Indeed, just one month before plaintiff filed the instant motion, the Court addressed in detail, and denied, plaintiff's motion for reconsideration of the Court's prior denial of the same request. (Order, filed Jan. 2, 2009, at 1-3.) The Court finds no material change in circumstances exist that would warrant the appointment of counsel at this time. Accordingly, plaintiff's motion will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for an extension of time is hereby GRANTED.

2. Plaintiff's motion for appointment of counsel is hereby DENIED.

3. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the SAC (Docket No. 18) in this matter, all attachments thereto, and a copy of this order upon the following defendants at the Santa Rita County Jail: Deputies Aiello, Alhf, Anderson, Arnold, Arrivas, Bao, Bareno, Bareo, Barrosa, Botz, Boutwell, Brawley, Cabrerass, Cody, Cunningham, Dalton, De La Fuente, DeLeon, Garcia, Garrington, Gonzales, Lane, Latorre, Maderos, McGill, Noabeck, Pape, Robertson, Shelby, Smith, Snider, St. Denis, Strickland, Tafola, Thibodeaux, Vanzant and Williams; Sheriff Ahern; Commander La Donna Harris; Capt. Melansen; Capt. Wilkinson; Lt. Jurgens-Lewis; Sgt. Quin; Sgt. Shaull; Sgt. Molly; Dr. Chan; Dr. Orr; Dr. Rosenthal; Dr. Thomas; Dr. Resburg; Nurse Wilfredo Reyes; Nurse Maria; Technician Bryan; Technician Marks; Technician Veazey; Prison Health Services; Criminal Justice Mental Health; and on Alameda County, through the Office of County Counsel of Alameda County.

The Clerk shall also mail courtesy copies of the SAC and this order to the Office of County Counsel of Alameda County

4. Within **ninety (90)** days of the date this order is filed, defendants shall file a

7

motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

       a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

       b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

       a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[4]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

       b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[4] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

8

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 17.

IT IS SO ORDERED.

DATED: June 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge