1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEENAN WILKINS, | ) | No. C 08-1084 MMC (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER SETTING BRIEFING** |
| | ) | **SCHEDULE** |
| v. | ) | |
| | ) | |
| SHERIFF GREG AHERN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendants having waived the filing of an answer in this pro se prisoner matter pursuant to 42 U.S.C. § 1997e(g)(1) and having informed the Court that they are of the opinion that the case can be resolved in part by summary judgment, the following briefing schedule is hereby SET:

1. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment.

The motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

2. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants' counsel no later than **sixty (60)** days from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

3. Defendants shall file a reply brief no later than **twenty (20)** days after plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by the plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: November 2, 2009

MAXINE M. CHESNEY
United States District Judge