IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERIFF GREG AHERN, et al.,<br><br>    Defendants.<br>_____ | No. C 08-1084 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO DISQUALIFY, FOR CLASS CERTIFICATION, AND TO COMPEL DISCOVERY; DIRECTING ALAMEDA COUNTY DEFENDANTS TO INFORM COURT HOW THEY INTEND TO PROCEED WITH RESPECT TO PLAINTIFF'S NON-MEDICAL AND NON-MENTAL HEALTH CARE CLAIMS**<br><br>**(Docket Nos. 162, 163, 215)** |

On February 22, 2008, plaintiff, a pretrial detainee then incarcerated at the Santa Rita County Jail ("SRCJ"), filed the above-titled civil rights action under 42 U.S.C. § 1983. Now before the Court are plaintiff's motions to disqualify the undersigned from presiding over the instant action, for class certification, and to compel discovery.[1]

A.    <u>Motion to Disqualify</u>

Plaintiff moves, under 28 U.S.C. § 144 and 28 U.S.C. § 455, to disqualify the undersigned from presiding over the instant action. Plaintiff's motion is premised solely on his contention that the Court is biased against him because the Court has not yet addressed

---

[1]Also pending are the motion for summary adjudication filed on behalf of the Alameda County defendants, against whom plaintiff has asserted claims for the denial of medical and mental health care, and the motion for summary judgment filed on behalf of the Prison Health Services defendants, against whom plaintiff has asserted claims for the denial of medical care. The motions are fully briefed and will be decided by separate order.

certain motions filed by plaintiff.

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. See id. at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. Sibla, 642 F.2d at 867.

Here, as noted, plaintiff moves to disqualify the undersigned on the ground of bias and prejudice based on the Court's failure to address certain pending motions. Plaintiff's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned herein, and, consequently, are insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course

2

of judicial proceedings "almost never" provide grounds for recusal); Sibla, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source").

Accordingly, the motion to disqualify will be denied.

B.   Motion for Class Certification

Plaintiff asks the Court to certify the following class of plaintiffs in the instant action:

> All persons, pretrial detainees and inmates, from March 2007 through December 2009, who were in the custody of the Alameda County Sheriff's Department Operated County Jails (Santa Rita, Dublin and Glenn Dyer, Oakland) who were and to the present subjected to the following conditions: (a) placed in temporary stage rooms without seating, water, bathroom for unreasonable periods; (b) denied access to clean laundry; (c) denied opportunities to clean cells; (d) denied adequate medical attention and/or treatment; (f) denied adequate mental health attention and/or treatment; (g) forced to exposure of private bodily parts to other inmates when using the restroom; (h) denied adequate clothing in certain weather conditions; (i) subjected to excessive force by sheriff jail officials; (j) placed in unsafe and hazardous conditions such as in overcrowded rooms; (k) received disciplinary punishment without the Due Process required (Wolff Procedures); (l) received retaliation from sheriff jail officials for seeking redress (writing grievances); (m) who were subjected to any other conditions set forth in the SAC, paragraphs deemed cognizable by the Court's order, as well as any and all such cognizable claims to be amended to this action in the future.

(Mot. for Class Certif'n at 1-3.)

The prerequisites to maintenance of a class action are: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a).

Generally, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). In particular, pro se prisoner plaintiffs may not act as class representatives because they cannot fairly and adequately protect the interests of the class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

3

Plaintiff herein is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners. Accordingly, the motion for class certification will be denied.

C.  Motion to Compel

On September 30, 2009, plaintiff, prior to serving defendants with his discovery requests, sent to counsel for the Alameda County defendants a letter requesting to meet and confer regarding discovery. Thereafter, defendants' counsel received plaintiff's discovery requests and defendants filed responses and objections thereto. Subsequently, plaintiff filed the instant motion to compel discovery. Defendants counsel then sent plaintiff a meet and confer letter, to which plaintiff did not respond, and thereafter filed opposition to plaintiff's motion to compel, on the grounds the motion is not properly noticed and plaintiff has failed to meet and confer. On June 24, 2010, plaintiff sent defendants a meet and confer letter, stating he had not previously received defendants' meet and confer letter.

Plaintiff's motion to compel discovery is premature in light of the parties' failure to meet and confer. Additionally, the motion cannot be decided by the Court because the motion fails to identify the specific discovery requests to which defendants have objected and the precise nature of their objections.[2] Accordingly, plaintiff's motion to compel will be denied without prejudice to plaintiff's renewing such motion after the parties have fully complied with the requirements of the Federal Rules of Civil Procedure. Plaintiff, however, shall not file a renewed motion to compel until defendants have informed the Court how they intend to proceed with respect to plaintiff's non-medical and non-mental health care claims, as discussed below.

D.  Further Proceedings

The instant action concerns the following claims for relief based on events that allegedly occurred when plaintiff was incarcerated at SRCJ between March 2007 and December 2008: retaliation, unconstitutional conditions of confinement, unlawful use of

---

[2] The discovery plaintiff requests appears to pertain to plaintiff's claims of excessive force and unconstitutional conditions of confinement.

4

excessive force, denial of due process, denial of medical care and denial of mental health care. The second amended complaint has been served on approximately sixty defendants.

As noted, the Alameda County defendants have filed a motion for summary adjudication with respect to plaintiff's claims for the denial of medical and mental health care, and the Prison Health Services defendants have filed a separate motion for summary judgment with respect to plaintiff's medical care claims, the only claims alleged against the Prison Health Services defendants.

Still pending and not yet addressed by the Alameda County defendants, however, are plaintiff's non-medical and non-mental health care claims against the Alameda County defendants. Consequently, within **thirty** days of the date this order is filed, defendants shall inform the Court whether they will file a summary judgment or other dispositive motion with respect to said claims, or if they are of the opinion that the claims cannot be resolved by summary judgment or other dispositive motion and will proceed to trial.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to disqualify the undersigned from presiding over the instant action is hereby DENIED.

2. Plaintiff's motion for class certification is hereby DENIED.

3. Plaintiff's motion to compel discovery is hereby DENIED without prejudice.

4. Defendants shall inform the Court how they intend to proceed with respect to plaintiff's non-medical and -mental health claims, as set forth above.

This order terminates Docket Nos. 162, 163 and 215.

IT IS SO ORDERED.

DATED: August 11, 2010

MAXINE M. CHESNEY
United States District Judge