1
2
3
4
5
6
7
8
9

**United States District Court**
For the Northern District of California

10

IN THE UNITED STATES DISTRICT COURT

11

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13
KEENAN WILKINS,                    )   No. C 08-1084 MMC (PR)
                                   )
14
              Plaintiff,           )   **ORDER DIRECTING DEFENDANTS TO**
                                   )   **FILE MOTION TO DISMISS MISJOINED**
15
    v.                             )   **PARTIES AND SEVER CLAIMS;**
                                   )   **DENYING PLAINTIFF'S MOTIONS FOR**
16
SHERIFF GREG AHERN, et al.,        )   **SANCTIONS, TO COMPEL DISCOVERY**
                                   )   **AND FOR APPOINTMENT OF COUNSEL**
17
              Defendants.          )
                                   )   (Docket No. 244)
18 ————————————————

19          On February 22, 2008, plaintiff, a pretrial detainee then incarcerated at the Santa Rita

20   County Jail ("SRCJ") and proceeding pro se, filed the above-titled civil rights action under

21   42 U.S.C. § 1983.[1]  Now pending before the Court are various procedural matters relative

22   thereto.

23   A.     Severance of Claims

24          The operative pleading in the instant action is plaintiff's second amended complaint

25   ("SAC"), a sixty-page document that the Court previously determined stated the following

26   cognizable claims for relief, based on events that allegedly occurred between March 2007

27   and December 2008, during which time plaintiff was incarcerated at the SRCJ:

28          [1]Plaintiff currently is incarcerated at the Glenn Dyer Detention Facility in Oakland.

United States District Court
For the Northern District of California

(1) retaliation, (2) unconstitutional conditions of confinement, (3) unlawful use of excessive force, (4) denial of due process, (5) denial of medical care, and (6) denial of mental health care.[2]  Pursuant to the Court's order of service, the SAC was served on approximately sixty defendants.  (Docket No. 19.)

Thereafter, the defendants against whom plaintiff asserted claims for denial of medical and mental health care filed motions for summary judgment with respect to said claims.  All of the other defendants, however, against whom plaintiff did not assert such claims, had not informed the Court as to the manner in which they intended to proceed in response to the claims against them.  Consequently, the Court directed those defendants to inform the Court whether they intended to file a summary judgment or other dispositive motion with respect to such claims, or were of the opinion that the claims could not be resolved by summary judgment or other dispositive motion and would proceed to trial.  (Docket No. 234.)

In response to the Court's order, defendants have filed a document titled "Notice of Position Re: Motion for Summary Judgment and Future Handling" ("Notice") (Docket No. 240), in which defendants, citing Rule 18 of the Federal Rules of Civil Procedure, submit that the instant action should be severed into at least four separate law suits that address, respectively: (1) the retaliation claims, (2) the cruel and unusual punishment claims, (3) the excessive force claims, and (4) the medical and mental health care claims.[3]  Defendants state that, if the Court so requires, they will file a formal motion to raise the matter of severance. Plaintiff has filed an objection to defendants' Notice, based on what plaintiff asserts are misrepresentations therein with respect to plaintiff's intent to file additional lawsuits.

A plaintiff may properly join as many claims as he has against an opposing party.

---

[2]The Court notes that plaintiff's claims concerning the denial of medical and mental health care are no longer at issue; specifically, summary judgment was granted on all such claims by order filed September 24, 2010.  (Docket No. 242.)

[3]As noted, the medical and mental health claims no longer are pending before the Court.

2

Fed. R. Civ. P. 18(a).  Nevertheless, although multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).  Parties may be joined as defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way – that is, if there is not "similarity in the factual background."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  Id.  Any claim against a misjoined party may be severed and proceed separately.  Fed. R. Civ. P. 21.

Based on the numerous claims and defendants in the instant action, it appears that dismissal of misjoined parties and severance of plaintiff's claims into separate actions may be warranted.  Due to the conclusory nature of defendants' Notice, however, the Court is unable to make such determination at this time.  Consequently, the Court will order defendants to file a formal motion to dismiss misjoined parties and sever claims.  Any opposition thereto by plaintiff shall be filed as set forth in the Conclusion section of this order.

B.    Plaintiff's Motion to Compel Discovery

Plaintiff has filed a document titled "Plai[n]tiff's Request for Discovery Order," which document the Court construes as a motion to compel discovery.  (Docket No. 255.) Defendants oppose plaintiff's request on the following grounds: (1) plaintiff failed to meet and confer with defendants prior to filing said request, (2) defendants have raised objections to certain of plaintiff's discovery requests, (3) defendants already have provided plaintiff with more than 1400 pages of documents responsive to plaintiff's discovery requests, and (4) defendants have identified additional responsive documents that total more than 1000

United States District Court

For the Northern District of California

1  pages but, as plaintiff has not responded to defendants' invoice for costs incurred for the

2  provision of the previous 1400 pages to plaintiff, defendants are not willing to incur the costs

3  of providing plaintiff with additional documents.

4       In view of the anticipated filing by defendants of a motion to dismiss misjoined parties

5  and sever claims, the Court declines to rule on plaintiff's outstanding discovery requests until

6  defendants' motion has been resolved.  Consequently, all further discovery proceedings in

7  the instant action, including the provision of additional responsive documents to plaintiff by

8  defendants, will be stayed until further order of the Court.

9  C.   Plaintiff's Motion for Appointment of Counsel

10      Plaintiff has filed a motion for appointment of counsel to represent him in the instant

11  matter.  Said motion is the fourth request for appointment of counsel made by plaintiff in this

12  matter.  In denying plaintiff's three previous requests, the Court explained to plaintiff that

13  counsel would not be appointed absent a showing of exceptional circumstances.  See

14  Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (holding decision to request

15  counsel to represent indigent civil litigant is within "the sound discretion of the trial court

16  and is granted only in exceptional circumstances").  Further, the Court found such

17  circumstances did not exist here.  In particular, the Court found plaintiff had not shown a

18  likelihood of success on the merits of his claims; additionally, the Court, having taken into

19  consideration the complexity of the legal issues involved, found plaintiff had demonstrated

20  his ability to articulate his claims.  See Agyeman v. Corrections Corp. of America, 390 F.3d

21  1101, 1103 (9th Cir. 2004) (holding finding of exceptional circumstances requires evaluation

22  of likelihood of plaintiff's success on merits of claims, and plaintiff's ability to articulate

23  claims pro se in light of complexity of legal issues involved).

24      For the same reasons previously explained to plaintiff, the Court finds exceptional

25  circumstances warranting the appointment of counsel do not exist at this time.  Accordingly,

26  plaintiff's motion for appointment of counsel will be denied.

27

28

**United States District Court**

For the Northern District of California

1    D.      Plaintiff's Motion for Sanctions

2          Plaintiff moves for sanctions against defendants based on their refusal to provide

3    plaintiff with the discovery he now seeks by way of the above-referenced motion to compel,

4    and for misrepresentations assertedly made by defendants in the above-referenced Notice.

5    The motion will be denied as premature.  In particular, the Court cannot make a

6    determination with respect to the propriety of defendants' actions in connection with either

7    matter until both the motion to compel and the motion for misjoinder and severance have

8    been fully briefed and a ruling made thereon.

9                                    **CONCLUSION**

10         For the reasons stated above, the Court orders as follows:

11         1.  Within **forty-five** days of the date this order is filed, defendants shall file a motion

12   to dismiss misjoined parties and sever claims.

13         Plaintiff shall file his opposition to defendants' motion within **thirty** days of the date

14   such  motion is filed.

15         Defendants <u>shall</u> file a reply to plaintiff's opposition within **fifteen** days of the date

16   such opposition is filed.

17         2.  Plaintiff's motions to compel discovery, for appointment of counsel and for

18   sanctions are hereby DENIED.

19         3.  All further discovery proceedings in this matter are hereby STAYED until further

20   order of the Court.

21         This order terminates Docket No. 244.

22         IT IS SO ORDERED.

23   DATED: May 5, 2011

24                                    MAXINE M. CHESNEY
                                      United States District Judge
25

26

27

28