**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEENAN WILKINS, ) No. C 08-1084 MMC (PR)
 )
 Plaintiff, ) **ORDER DENYING WITHOUT**
 ) **PREJUDICE DEFENDANTS' MOTION**
 v. ) **TO DISMISS MISJOINED PARTIES AND**
 ) **SEVER CLAIMS; GRANTING**
SHERIFF GREG AHERN, et al., ) **PLAINTIFF'S REQUEST FOR STAY;**
 ) **DENYING AS MOOT PLAINTIFF'S**
 Defendants. ) **REQUEST FOR EXTENSION OF TIME;**
 ) **DENYING PLAINTIFF'S MOTION FOR**
 ) **APPOINTMENT OF COUNSEL;**
 ) **DIRECTIONS TO CLERK**
 )
_____) (Docket Nos. 294, 300)

On February 22, 2008, plaintiff, a pretrial detainee then incarcerated at the Santa Rita County Jail ("SRCJ") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] The operative pleading in the instant action is plaintiff's Second Amended Complaint ("SAC"), a sixty-page document that the Court previously determined stated the following cognizable claims for relief, based on events that allegedly occurred between March 2007 and December 2008, during which time plaintiff was incarcerated at the SRCJ: (1) retaliation, (2) unconstitutional conditions of confinement, (3) unlawful use of

---

[1] Plaintiff currently is incarcerated at the Glenn Dyer Detention Facility in Oakland.

1 excessive force, (4) denial of due process, (5) denial of medical care, and (6) denial of mental
2 health care. Pursuant to the Court's order of service, the SAC was served on approximately
3 sixty defendants. (Docket No. 19.)

4 On September 24, 2010, the Court granted summary judgment in favor of the
5 defendants against whom plaintiff asserted claims for denial of medical and mental health
6 care. (Docket No. 242). On June 20, 2011, the remaining defendants filed a Motion to
7 Dismiss Misjoined Parties and to Sever Claims ("Motion to Sever"), asking that the
8 remaining claims be divided into three separate lawsuits. (Docket No. 294.) The Court
9 subsequently granted plaintiff two extensions of time to oppose the Motion to Sever.

10 Now before the Court is plaintiff's third request for an extension of time to oppose the
11 Motion to Sever. In the alternative, plaintiff requests a stay of the instant action pending
12 resolution of current criminal proceedings against him in Alameda County Superior Court.
13 Also pending is plaintiff's motion for appointment of counsel.

14 A. Motion for Stay

15 Defendants state they do not oppose a "limited stay of the action" until such time as
16 plaintiff's pending criminal proceedings are resolved. (Docket No. 301.) Consequently, the
17 Court, rather than ordering plaintiff to respond to the Motion to Sever, will grant a stay of the
18 instant action. Additionally, the Court will deny the Motion to Sever without prejudice to
19 defendants' refiling such motion following the lifting of the stay. At such time as the action
20 is re-opened, defendants may file a renewed Motion to Sever, as set forth in the Conclusion
21 of this order.

22 B. Motion for Appointment of Counsel

23 Plaintiff's instant motion for appointment of counsel represents plaintiff's sixth such
24 request in this matter. For the reasons stated in the Court's prior orders, plaintiff's new
25 motion for appointment of counsel will be denied. If the Court subsequently determines
26 appointment of counsel is warranted, the Court will seek volunteer counsel to represent
27 plaintiff.
28 //

2

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Defendants' pending Motion to Sever is hereby DENIED without prejudice, and plaintiff's request for a third extension of time to respond to such motion is hereby DENIED as moot.

2. The instant action is hereby STAYED.

If plaintiff intends to proceed with his claims, he shall file, within **thirty (30)** days of the date the criminal proceedings against him have concluded, a motion asking the Court to lift the stay.

Within **thirty (30)** days of the date the stay is lifted, defendants shall either file a renewed Motion to Sever or inform the Court they do not intend to file such motion.

If defendants file a renewed Motion to Sever, plaintiff shall file his opposition thereto within **thirty (30)** days of the date the motion is filed.  Defendants <u>shall</u> file a reply within **fifteen (15)** days of the date the opposition is filed.

3. Plaintiff's sixth request for appointment of counsel is hereby DENIED.

4. The Clerk is hereby directed to ADMINISTRATIVELY CLOSE the case.

This order terminates Docket Nos. 294 and 300.

IT IS SO ORDERED.

DATED: November 30, 2011

MAXINE M. CHESNEY
United States District Judge