IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, a.k.a. NERRAH BROWN, | No. C 08-1084 MMC (PR) |
| Plaintiff, | **ORDER RE: PLAINTIFF'S NOTICE OF TRANSFER; DIRECTIONS TO CLERK** |
| v. | (Docket No. 333) |
| SHERIFF GREG AHERN, et al., | |
| Defendants. | |

On February 22, 2008, plaintiff, a pretrial detainee then incarcerated at the Santa Rita County Jail ("SRCJ") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. The operative pleading is plaintiff's Second Amended Complaint ("SAC"), a sixty-page document that the Court previously determined stated cognizable claims for relief, based on events that allegedly occurred between March 2007 and December 2008, during which time plaintiff was incarcerated at the SRCJ.

By order filed November 30, 2011, the Court granted plaintiff's request to stay the instant action pending resolution of criminal proceedings brought against him in Alameda County Superior Court. In said order, the Court advised plaintiff that within thirty days of the date the criminal proceedings against him were concluded, he could file a motion asking the Court to lift the stay.

On November 12, 2013, plaintiff filed a document titled "Plaintiff's Declaration in Support of Notice to the Court" (Dkt. No. 333), stating therein that he was recently transferred to San Quentin State Prison ("SQSP") and that he is "unsure how to proceed . . . as 30 days is approaching" (id. at 2); he requests "direction from the Court or for the stay to remain imposed until [he gets] out of the Reception Center and [has] the ability to litigate this action" (id.).

If the above-referenced criminal proceedings have concluded, plaintiff must, within **thirty (30)** days of the filing date of this order, file a motion asking the Court to lift the stay. An additional extension of the stay pending plaintiff's release from the SQSP Reception Center is unnecessary; once the stay is lifted, the Court will grant extensions of time for plaintiff "to litigate this action" upon good cause shown.

The Court also notes that the California Department of Corrections ("CDCR") online inmate locator service shows that plaintiff's name on file with the CDCR is "Nerrah Brown." Accordingly, the Clerk is DIRECTED to add said name as an alias on the docket.

IT IS SO ORDERED.

DATED: November 22, 2013

MAXINE M. CHESNEY
United States District Judge