IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEENAN WILKINS, a.k.a. ) No. C 08-1084 MMC (PR)
NERRAH BROWN, )
                            ) **ORDER REOPENING ACTION**
          Plaintiff, )
                            )
  v. )
                            )
SHERIFF GREG AHERN, et al., )
                            )
          Defendants. )
_____ )

        On February 22, 2008, plaintiff, a pretrial detainee then incarcerated at the Santa Rita County Jail ("SRCJ") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. The operative pleading in the instant action is plaintiff's Second Amended Complaint ("SAC"), a sixty-page document that the Court previously determined stated cognizable claims for relief, based on events that allegedly occurred between March 2007 and December 2008, during which time plaintiff was incarcerated at the SRCJ.

        By order filed November 30, 2011, the Court granted plaintiff's request to stay the instant action pending resolution of criminal proceedings brought against him in Alameda County Superior Court. In said order, the Court advised plaintiff that within thirty days of the date the criminal proceedings against him were concluded, he could file a motion asking the Court to lift the stay.

Plaintiff now reports that criminal proceedings have concluded.  Specifically, he states that he was sentenced on December 26, 2012 in Alameda County Superior Court and that he is now housed at San Quentin State Prison.  (Dkt. No. 339.)  Plaintiff points out that he alerted the Court in January 2013 that criminal proceedings had concluded.  The Court acknowledges that plaintiff did provide said notice to the Court and that he did so within thirty days of his criminal sentencing.  (See Dkt. No. 318.)  Plaintiff did not at that time, however, file a motion to lift the stay as directed; rather he filed a notice of change of address.  (See id.)  Nor, to date, has he filed a motion to lift the stay.  Nonetheless, it appears that plaintiff seeks to proceed with this action, and, in any event, it is time for the case to move forward.  Accordingly, good cause appearing, the action will be reopened.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall reopen the file.

2. Within **90 days** of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the Court's Order of Service filed June 16, 2009.  In the alternative, defendants may re-file, within **90 days** of the date this order is filed, their motion to dismiss misjoined arties and sever claims, which was denied without prejudice on November 30, 2011.

3. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

4. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary

judgment provided later in this Order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this Order as he prepares his opposition to any motion to dismiss.

5. Defendants shall file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said

3

1 notices again concurrently with motions to dismiss for failure to exhaust available

2 administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

3       7. All communications by plaintiff with the Court must be served on defendants'

4 counsel by mailing a true copy of the document to defendants' counsel.

5       8. Discovery may be taken in accordance with the Federal Rules of Civil

6 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

7 Rule 16 is required before the parties may conduct discovery.

8       9. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep

9 the Court informed of any change of address and must comply with the Court's orders in a

10 timely fashion.  Failure to do so may result in the dismissal of this action for failure to

11 prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of

12 change of address in every pending case every time he is moved to a new facility.

13       10. Any motion for an extension of time must be filed no later than the deadline

14 sought to be extended and must be accompanied by a showing of good cause.

15       11. Plaintiff is cautioned that he must include the case name and case number for

16 this case on any document he submits to the Court for consideration in this case.

17       IT IS SO ORDERED.

18 DATED: January 7, 2014

19

20       MAXINE M. CHESNEY
United States District Judge