United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, a.k.a. NERRAH BROWN, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF GREG AHERN, et al., <br><br> Defendants. <br> _____ | No. C 08-1084 MMC (PR) <br><br> **ORDER DENYING PLAINTIFF'S PENDING MOTIONS FOR RECONCONSIDERATION, TO AMEND, AND TO COMPEL; STAYING ACTION AND REFERRING FOR SETTLEMENT CONFERENCE** <br><br> (Docket Nos. 85, 343, 344, 345, 352, 353, 354, 355, 356, and 358) |

On February 22, 2008, plaintiff, a pretrial detainee then incarcerated at the Santa Rita County Jail ("SRCJ") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] The operative pleading in the instant action is plaintiff's Second Amended Complaint ("SAC"), a sixty-page document that the Court previously determined stated the following cognizable claims for relief, based on events that allegedly occurred between March 2007 and December 2008, during which time plaintiff was incarcerated at the SRCJ: (1) retaliation, (2) unconstitutional conditions of confinement, (3) unlawful use of excessive force, (4) denial of due process, (5) denial of medical care, and (6) denial of mental health care. Pursuant to the Court's order of service, the SAC was served on approximately

---

[1] Plaintiff currently is incarcerated at High Desert State Prison.

sixty defendants.  (Docket No. 19.)

Thereafter, on February 1, 2010, a motion for summary adjudication was filed on behalf of certain Alameda County employees, against whom plaintiff had asserted claims for the denial of medical and mental health care ("Alameda County defendants"), and, on February 15, 2010, a motion for summary judgment was separately filed on behalf of Prison Health Services, Inc. and certain of its employees ("PHS defendants"), against whom plaintiff had also asserted claims for the denial of medical care.  On September 24, 2010, the Court granted both motions.  (Docket No. 242).  On June 20, 2011, the remaining defendants employed by Alameda County (hereinafter, "defendants") timely filed a Motion to Dismiss Misjoined Parties and to Sever Claims ("Motion to Sever"), requesting that the remaining claims be divided into three separate lawsuits.  (Docket No. 294.)

By order filed November 30, 2011, the Court granted plaintiff's request to stay the instant action pending resolution of criminal proceedings brought against him in Alameda County Superior Court, and, in light of the stay, denied defendants' Motion to Sever without prejudice to defendants refiling such motion following the lifting of the stay.  (Docket No. 303.)

On January 7, 2014, the Court lifted the stay and reopened the action after plaintiff reported that the state criminal proceedings had concluded.  (Docket No. 340.)  The Court directed defendants to file, within 90 days of the order, a dispositive motion, or in the alternative to re-file, within that time period, their Motion to Sever.  On March 24, 2014, defendants filed an "Amended Motion to Dismiss Misjoined Parties and Sever Claims."  (Docket No. 346.)[2]

Now before the Court are various motions brought by plaintiff.

A.   Motion for Reconsideration of January 7, 2014 Order

On February 24, 2014, plaintiff filed a "Request for Reconsideration of the Court's

---

[2] Plaintiff has requested an extension of time to file his response (Docket No. 358), which request will be granted as indicated below in the Conclusion section of this order.

2

Order Dated 1-17-14," by which plaintiff moves for reconsideration of the Court's January 7, 2014 Order to the extent it allows defendants to file a dispositive motion or a renewed motion to sever. (Docket No. 344.) In particular, plaintiff argues that any such motion would be untimely in light of the prior briefing schedules set by the Court and various opportunities afforded defendants as to the filing of motions. Plaintiff's argument is not persuasive.

First, as discussed in greater detail below, the Civil Local Rules of this district require a party seeking reconsideration to first file a motion for leave to file a motion for reconsideration. See Civil L.R. 7-9. Plaintiff has not complied with that rule.

In any event, as noted above, defendants' original Motion to Sever was timely filed in 2011, and, in light of plaintiff's request for a stay, was denied without prejudice to refiling once the stay was lifted. As further noted, the Court's January 7, 2014 order lifting the stay directed defendants to either file a dispositive motion or re-file their Motion to Sever within 90 days. Accordingly, defendants' Amended Motion to Dismiss Misjoined Parties and Sever Claims, filed less than 90 days thereafter, likewise is timely.

Accordingly, plaintiff's Request for Reconsideration will be denied.

B.   Motion for Reconsideration of September 24, 2010 Order

On February 24, 2014, plaintiff filed a "Motion to Vacate the Order Granting Summary Judgment for Defendants Dated 9-24-10" (Docket No. 343); on March 13, 2014, plaintiff filed a "Request for Reconsideration of Order Granting Summary Judgment" (Docket No. 345). Plaintiff's February 24 and March 13, 2014 filings raise, in great part, the same arguments and will be construed as a single motion for reconsideration of the Court's September 24, 2010 order granting judgment in favor of the defendants against whom plaintiff had asserted claims for denial of medical and mental health care. The Alameda County defendants and PHS defendants have filed, respectively, opposition to plaintiff's motion.[3]

---

[3] Plaintiff's request for an extension of time to file a reply (Docket No. 354) is hereby GRANTED, and plaintiff's reply, filed April 14, 2014 (Docket No. 357), is deemed timely.

Motions for reconsideration are governed by Civil Local Rule 7-9, which states, in relevant part:

> (a) Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Civil L.R. 7-9(a)-(c).

At the outset, the Court notes that plaintiff, by failing to seek leave of court before filing his motion for reconsideration, has not complied with the Local Rules of this district, and, on that basis alone, the motion will be denied. See Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). The fact that plaintiff is proceeding pro se does not excuse his non-compliance with the procedural rules of this Court. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

Moreover, plaintiff's motion fails to make the showing required under Civil Local

4

1 Rule 7-9 or otherwise to show good cause for reconsideration. As discussed below, plaintiff
2 makes four arguments in support of his motion.

3 First, plaintiff argues that he was not provided with the notice required by Rand v.
4 Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc). See id. at 960-61 & n. 8 (setting forth
5 necessary content of written notice to be provided to pro se prisoner litigants to apprise them
6 of requirements for opposing summary judgment motion). Plaintiff cites Woods v. Carey,
7 684 F.3d 934 (9th Cir. 2012), wherein the Ninth Circuit held pro se prisoner plaintiffs must
8 be given a Rand notice at the time a summary judgment motion is filed, rather than at an
9 earlier stage of the proceedings such as in an order of service. A review of the record shows
10 that plaintiff received full Rand notice in conjunction with the motion for summary
11 adjudication filed by the Alameda County defendants on February 1, 2010. (See Docket No.
12 176 at 6.) Further, plaintiff's response to both that motion and the summary judgment
13 motion filed by the PHS defendants demonstrates that he understood the nature of summary
14 judgment and the requirements for complying with Rule 56 of the Federal Rules of Civil
15 Procedure. Consequently, plaintiff is not entitled to reconsideration based on an asserted
16 failure to receive notice as required by Rand and Woods.

17 Second, plaintiff argues that the Court "disregarded" alleged deficiencies in the
18 defendants' discovery responses. (See Docket No. 343 at 3) Plaintiff, however, was aware
19 of any such asserted deficiencies prior to his filing his opposition to summary
20 adjudication/summary judgment. Moreover, the only discovery motion to which plaintiff
21 cites (see id.) was not "disregarded" by the Court, but, rather, was denied without prejudice
22 for failure to meet and confer as required by the Federal Rules of Civil Procedure. (See
23 Docket Nos. 163, 234.) Further, plaintiff fails to identify any discovery that was purportedly
24 withheld from him that would have altered the Court's ruling. Consequently, plaintiff is not
25 entitled to reconsideration based on asserted discovery violations.

26 Third, plaintiff argues that the Court "disregarded" evidence he provided about the
27 "many sick slips" he submitted to prison officials and evidence as to his taking his
28 "psychotropic meds." (See Docket No. 345 at 3.) Plaintiff fails to identify the slips he

5

assertedly submitted in opposition to summary judgment, to what injuries or illnesses they related, or how they should have altered the Court's ruling. Nor does he identify any issue to which his taking or not taking any such medication was relevant, let alone dispositive. Consequently, plaintiff fails to establish a failure by the Court to consider material facts, and he is not entitled to reconsideration based on such asserted failure.

Fourth, plaintiff argues that one of his summary judgment oppositions was not received by the Court. A review of the record shows, however, that on April 5, 2010, plaintiff filed a 167-page opposition titled "Plaintiff's Opposition to Defendants' Motion for Summary Judgment" (see Docket No. 222) along with 125 exhibits (see Docket No. 223), by which he submitted arguments and evidence pertaining to his claims against both the Alameda County defendants and the PHS defendants. Nowhere therein did plaintiff indicate that said opposition was meant to address only one of the two then pending dispositive motions. Although, more than five months later, plaintiff, on September 17, 2010, wrote a letter to the Court stating that one of his opposition briefs was not reflected on the case docket (see Docket No. 241), plaintiff never re-filed the purportedly missing opposition, nor, until the instant motion, did plaintiff seek reconsideration on the basis of a missing opposition. In the intervening years, plaintiff had ample opportunity to raise any such issue. Under said circumstances, the Court finds the instant motion, filed three and a half years after the Court's order, is untimely, and, consequently, plaintiff is not entitled to reconsideration based on a missing opposition.

Accordingly, plaintiff's motion for reconsideration will be denied.

C. Motion for Leave to Amend Medical and Mental Health Claims

On April 7, 2014, plaintiff filed a "Request for Leave to Amend, Reconsideration and/or Alternative Relief," by which plaintiff seeks to amend his complaint to allege additional facts relating to his medical and mental health claims. (See Docket No. 353.)[4] As

---

[4] Defendants' motions for extensions of time to oppose plaintiff's motion to amend (Docket Nos. 355, 356) are hereby GRANTED, and the oppositions filed April 21, 2014 (Docket Nos. 359, 360) are deemed timely.

6

discussed above, the Court has granted summary judgment as to those claims and, as further discussed above, plaintiff is not entitled to reconsideration of that order.

Accordingly, plaintiff's motion to amend will be denied.

D. <u>Motion to Compel Discovery</u>

In his SAC, plaintiff alleged he was denied due process at jail disciplinary hearings. The Court dismissed the claim without prejudice based on plaintiff's failure to identify the individual hearing officers responsible for the alleged due process violations (Docket No. 19 at 4-5) and advised plaintiff that, if plaintiff could identify the hearing officers, he could move to amend the SAC to name them as defendants and reincorporate the dismissed due process claims (<u>id.</u>).

On March 27, 2014, plaintiff filed a "Motion to Compel Discovery," by which he seeks an order "to compel defendants to disclose the names of the hearing officers who punished plaintiff as plead[ed] in the SAC." (<u>See</u> Docket No. 352 at 1-2.) Plaintiff fails, however, to certify that he has fulfilled the meet and confer requirements under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a). Indeed, it is not apparent from the motion that plaintiff has served defendants with discovery requests specifiying the information he seeks.

Accordingly, plaintiff's motion to compel will be denied without prejudice to plaintiff's renewing such motion after the parties have fully complied with the Federal Rules of Civil Procedure and this district's Local Rules, and after the Court has ruled on defendants' pending Amended Motion to Dismiss Misjoined Parties and Sever Claims.

E. <u>Motion to Amend Due Process Claim</u>

In the above-referenced motion to compel, plaintiff points out that the Court never addressed his July 22, 2009 filing titled "Amendment to SAC to Re-Incorporate Dismissed Claim (Due Process - Disciplinary)," whereby plaintiff sought to amend his SAC to add nineteen defendants to his due process claim. (<u>See</u> Docket No. 85.) As an alternative to compelled discovery, plaintiff asks the Court to consider such filing as a motion. So construed, there are two problems with plaintiff's showing in support thereof.

7

First, pursuant to the Civil Local Rules of this district, a party moving to file an amended pleading "must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." See Civil L.R. 10-1. Plaintiff did not include with his motion a proposed amended complaint, and, in this instance, the request was not simply to substitute a named party for a Doe defendant. Parties may not file piecemeal complaints or amendments that contain portions of claims and defendants.

Second, the motion adds no facts linking the nineteen proposed defendants to plaintiff's allegations of wrongdoing. The lack of detail effectively precludes the Court from determining whether and by whom the due process claim deserves a response, and also prevents any individual defendant from framing a response to the claim.

Accordingly, the "Amendment to SAC," construed as a motion to amend, will be denied.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for reconsideration of the Court's January 7, 2014 Order is hereby DENIED.

2. Plaintiff's motion for reconsideration of the Court's September 24, 2010 summary judgment order is hereby DENIED.

3. Plaintiff's motion for leave to amend medical and mental health claims is hereby DENIED.

4. Plaintiff's motion to compel is hereby DENIED.

5. Plaintiff's motion to amend to re-allege a due process claim is hereby DENIED.

6. The Court finds good cause to refer this action to a magistrate judge for settlement proceedings. Accordingly, the Court hereby REFERS this action to Magistrate Judge Nandor Vadas pursuant to the Pro Se Prisoner Mediation Program. The proceedings will consist of one or more conferences as determined by Judge Vadas which shall take place within 120 days from the date this order is filed. Judge Vadas shall coordinate a time and date for the conferences with all interested parties and/or their representatives and, within fifteen days

8

after the conclusion of the settlement proceedings, file a report regarding the settlement proceedings. Plaintiff must attend all conferences scheduled by Judge Vadas. Failure to attend even one conference may result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

7. Plaintiff's request for an extension of time to file an opposition to defendants' Amended Motion to Dismiss Misjoined Parties and Sever Claims is hereby GRANTED. If the case does not settle, the Court will issue a new schedule for the filing of opposition and reply briefs.

8. In light of the referral, further proceedings in this case are hereby STAYED.

9. To facilitate the orderly conduct of settlement proceedings, plaintiff, until the stay is lifted, shall not file any further motions without first obtaining leave of Court.

10. The Clerk of the Court shall send a copy of this order to Judge Vadas.

This order terminates Docket Nos. 85, 343, 344, 345, 352, 353, 354, 355, 356 and 358.

IT IS SO ORDERED.

DATED: April 30, 2014

_____
MAXINE M. CHESNEY
United States District Judge

9